### ILLINOIS CENT. R. CO. v. BOSWORTH et al.

#### (District Court, E. D. Kentucky. December 20, 1913.)

In Equity. Suit by the Illinois Central Railroad Company against Henry M. Bosworth and others, individually and as constituting the Board of Valuation and Assessment of the State of Kentucky, and others. On motion for preliminary injunction and demurrer to the bill. Demurrer overruled, and injunction granted on condition.

Blewett Lee, of Chicago, Ill., and Trabue, Doolan & Cox, of Louisville, Ky., for plaintiff.

James Garnett, Atty. Gen., and M. M. Logan, Chas. H. Morris, O. S. Hogan, and D. O. Myatt, Asst. Attys. Gen., of Kentucky, and John L. Rich, of Covington, Ky., for defendants.

COCHRAN, District Judge. This cause is before me on motion for a preliminary injunction and demurrer to the bill. It is similar in char-

acter to that of the Louisville & Nashville Railroad Co. Case against the same defendants (209 Fed. 380), in which I have heretofore handed down an opinion, though it does not present all of the questions involved therein.

There is a radical difference between the two cases in this: That in that case the board took the position that the part of the company's capital stock in this state is proportionately of more value than the part elsewhere, whereas in this case it took the reverse position. The assessment made by the board of plaintiff's franchise in this state for the year 1911 amounted to $4,510,320. The assessment complained of herein amounts to $14,746,857. It was reached in this way:

The value of the part of plaintiff's capital stock in this state was
    fixed at.............................................................. $27,124,240
Deducting the assessed value of the tangible property in this state   12,377,383

    Leaves the balance of.................................... $14,746,857

The board's record does not state the conclusions which it reached in making the assessment as to the matters regarding which the statute required it to reach conclusions, but only the automatic result of those conclusions, to wit, that the value of plaintiff's franchise in this state was the sum of $14,746,857. It is known that it fixed the value of the part of its capital stock in this state at $27,124,240, and obtained the value at which it fixed the franchise by deducting therefrom the assessed value of the tangible property in this state only, from the notice which it gave to plaintiff of the final assessment and the affidavits of the members of the board filed herein.

No complaint seems to have been made by plaintiff of its want of notice of how the assessment was arrived at, nor is the absence of such notice made a ground of attack on the assessment complained of. The sole grounds of attack which are made thereon are that the board, after fixing the value of the capital stock, did not first deduct the value of the entire tangible property before apportioning a part thereof to this state, that it arrived at its valuation of the part of the capital stock in this state by capitalizing the net earnings in this state at 6 per cent. and taking 80 per cent. thereof, and that it is in violation of the fourteenth amendment, in that it denies plaintiff the equal protection of the laws. The first ground of attack is not well taken, as I have held in the Louisville & Nashville Railroad Company Case. The second ground of attack is denied by the board.

The last ground of attack is well taken, but it invalidates the assessment only to the extent that the valuation placed on the part of plaintiff's capital stock in this state exceeds the percentage at which other property is assessed. If, as in the Louisville & Nashville Railroad Company Case, 70 is taken as the proper percentage, the amount of the assessment on which the plaintiff should pay taxes is as follows, to wit:

70 per cent. of $27,124,240.......................................... $18,996,968
Deduct assessed value of tangible property........................   12,377,383

    Leaves a balance of..................................... $ 6,618,585

—as the value of the franchise. This is $2,108,265 in excess of the assessment for the previous year. As the plaintiff claimed in its bill

that it was liable to no franchise assessment at all, because the value of its entire property did not exceed the value of its tangible property, under the erroneous .view that the statute required a deduction of same from the value of the entire property, no payment has heretofore been made by plaintiff on account of its franchise for the year 1912.

The motion for a preliminary injunction, therefore, is sustained, on condition that the plaintiff within 30 days from this date pay the taxes,. state and local, on the sum of $6,618,585.

The demurrer to the bill is overruled.